Mary DOE, on behalf of herself and all other persons similarly situated, Plaintiff,

v.

Robert L. WOODAHL, Attorney General for the State of Montana, Robert L. Deschamps III, County Attorney for Missoula County, Montana, Defendants.

Civ. No. 2302.

United States District Court, D. Montana, Missoula Division.

May 29, 1973.

(a) For the stage prior to approximately the end of the first trimester, the abortion decision and its effectuation must be left to the medical judgment of the pregnant woman's attending physician.

(b) For the stage subsequent to approximately the end of the first trimester, the State, in promoting its interest in the health of the mother, may, if it chooses, regulate the abortion procedure in ways that are reasonably related to maternal health.

(c) For the stage subsequent to viability the State, in promoting its interest in the potentiality of human life, may, if it chooses, regulate, and even proscribe, abortion except where it is necessary, in appropriate medical judgment, for the preservation of the life or health of the mother . . . ,

and held that Montana's abortion laws (R.C.M.1947, §§ 94–401 and 94–402) were unconstitutional as applied to a woman in the first trimester of her pregnancy.

Now, following the receipt of briefs from the concerned parties and amicus curiae, I face the problem of whether these laws must fall as a unit and whether I should so declare.[1]

Under the doctrines of Roe vv. Wade, *supra,* and Doe v. Bolton, 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973), the state may curtail a woman's 14th amendment right to terminate her pregnancy in the second trimester by laws reasonably related to maternal health and in the third trimester by laws recognizing the state's interest in the potentiality of human life. These laws must be tailored to accommodate the conflicting rights of pregnant women and the interests of the state. The Montana laws are not so tailored—are in substance no

Robert J. Campbell, Missoula, Mont., for plaintiff.

John P. Connor, Jr., Lawrence Dewey Huss, Asst. Attys. Gen., R. W. Walsh, Jr., Great Falls, Mont., for Robert L. Woodahl, Atty. Gen.

Robert R. Skelton, Missoula, Mont., amicus curiae.

## OPINION, ORDER AND JUDGMENT

RUSSELL E. SMITH, Chief Judge.

In a previous order I quoted from Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), as follows:

1. A state criminal abortion statute of the current Texas type, that excepts from criminality only a *life saving* procedure on behalf of the mother, without regard to pregnancy stage and without recognition of the other interests involved, is violative of the Due Process Clause of the Fourteenth Amendment.

1. The fact, if it is a fact, that the plaintiff's pregnancy may have been terminated

does not render the case moot. Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35

different from the laws of Texas [2]—and are, as were the laws of Texas, unconstitutional as a unit.[3]

 I have considered whether this Federal Court should abstain from granting relief beyond that given in the temporary restraining order and have concluded that in the public interest any doubt about the invalidity of the Montana abortion law should be removed. *The official position of the State of Montana is that the Montana laws will be presumed to be constitutional until a court of competent jurisdiction rules to the contrary.* This position shadows the constitutional rights of women as delineated in Roe v. Wade, *supra,* and confuses the members of the medical profession who may be called upon to perform abortions. By this order the Montana Legislature is advised that the interests of the state in the unborn may be asserted only in a law tailored to conform to the guidelines established in Roe v. Wade, *supra.*

I withhold injunctive relief because, as did the United States District Court in Texas affirmed by the United States Supreme Court in the decision in Roe v. Wade, *supra,* I assume that the prosecutorial authorities of the State of Montana will give full credence to this judgment declaring the present criminal abortion laws of the State of Montana to be unconstitutional.

Wherefore it is adjudged that R.C.M. 1947, §§ 94–401 and 94–402 are unconstitutional and void in their entirety.

L.Ed.2d 147 (1973); Doe v. Bolton, 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973).

2. Vernon's Ann. Texas Penal Code, Arts. 1191–1194 and 1196.

3. In Roe v. Wade, *supra,* the Supreme Court said: "Our conclusion that Art. 1196 is unconstitutional means, of course, that the Texas abortion statutes, as a

unit, must fall. The exception of Art. 1196 cannot be stricken separately, for then the State is left with a statute proscribing all abortion procedures no matter how medically urgent the case." The exception declared in Art. 1196 of the Texas law permitting abortions to save the life of the mother is the same exception found in the Montana law. R.C.M.1947, §§ 94–401 and 94–402.